UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MICHAEL M. EYMARD | * | CIVIL ACTION NO: 2:23-cv-05903 |
| | * | |
| VERSUS | * | SECTION: |
| | * | |
| DOVER BAY SPECIALTY INSURANCE COMPANY AND STATE FARM FIRE AND CASUALTY INSURANCE COMPANY | * | MAGISTRATE: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **NOTICE OF REMOVAL**

Dover Bay Specialty Insurance Company ("Dover Bay") and State Farm Fire and Casualty Company ("State Farm") (collectively "Defendants") notice the removal of this action bearing case number H-148173-B on the docket of the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is properly before citizens of different states. The grounds for removal are as follows:

I.

According to the Petition for Damages and Declaratory Judgment ("Petition"), Plaintiff is a Louisiana resident domiciled in the Parish of Lafourche. See Exhibit "A," Petition, Opening Paragraph.

II.

Dover Bay is a foreign corporation, incorporated under the laws of the State of Illinois and have its principal place of business in Bloomington, Illinois. State Farm is also a foreign

corporation, incorporated under the laws of the State of Illinois, and having its principal place of business in Bloomington, Illinois.

III.

Plaintiff's Petition does not allege a specific total amount of damages sought. There is no allegation that the amount in controversy does not exceed $75,000.

IV.

Plaintiff alleges that his property sustained significant damage by Hurricane Ida which rendered his home uninhabitable. See Exhibit "A," Petition, Paragraph 10. Plaintiff provided Dover Bay with an estimate for repair to her, estimating such repairs to cost $145,605.55. See Exhibit "A" Petition, Paragraph 38. Plaintiff is also seeking statutory damages and attorneys' fees pursuant to La R.S. §§22:1892 and 22:1973. See Exhibit "A," Petition, Paragraph 39. Additionally, on December 12, 2022 and again on March 1, 2023, Plaintiff submitted a demand upon Defendants for $777,883.04. See Exhibit "B," Demand.

V.

Considering the claim for damages asserted by Plaintiff and considering the time delays allowed for filing this Notice of Removal, Defendants aver that Plaintiff's claim meets the jurisdictional limit required for removal.

VI.

For purpose of this removal, it is "facially apparent" that the amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, when Plaintiff's claims against Defendants are considered, and because Plaintiff has not stipulated and the Petition for Damages does not aver that Plaintiff's cause of action does not exceed $75,000.00, exclusive of interest and costs, nor does Plaintiff's Petition offer a binding

stipulation that Plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to Davis, et al v. State Farm, et al, Case 2:06-cv-00560-SSV-ALC (E.D. La. June 7, 2006).

VII.

To determine whether jurisdiction is present for removal, federal courts consider the claims made in the state court petition as they existed at the time of removal. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F. 3d 730 (5th Cir. 2002).

VIII.

If, under state law, the plaintiff will not be limited to recovery of the amount pleaded in his lawsuit, the Court must look to the true amount in controversy. See De Aguilar v. Boeing Co., 47 F. 3d 1404, 1410 (5th Cir. 1995).

IX.

"This maxim contemplates the existence of a state statute or doctrine that entitles a plaintiff to recover more than he has demanded. Louisiana is such a state and has been at least since 1960 when its Code of Civil Procedure was enacted." Grant v. Chevron Phillips Chemical Co., 309 F. 3d 864, 869 (5th Cir. 2002).

X.

"It is a general rule that the sum claimed by the plaintiff controls if the claim is apparently made in good faith." De Aguilar, 47 F. 3d at 1408 (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)).  However, '[t]he face of the plaintiff's pleading will not control if made in bad faith.' Id. at 1410; see Pendleton v. Parke-Davis, 2000 WL 1808500 (E.D. La. 2000); see also Shaffer v. Palm Harbor Homes, Inc., 328 F. Supp. 2d 633, 635 (N.D. Miss. 2004); Hood v. Gulf States Pipeline Corp., 2006 WL 548625 (W.D. La. 2006).

XI.

In <u>Grant</u>, the Fifth Circuit stated:

> To accommodate the situation when the removal sought is from a Louisiana court and subject matter jurisdiction is grounded in diversity of citizenship, we have modified the usual rule for determining whether the amount in controversy is present. In such Louisiana situations, we permit the party seeking to maintain federal jurisdiction to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. When the case is one that has been removed from state court, such party may satisfy this burden in either of two ways: (1) by demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000 or (2) "by setting forth <u>the facts</u> in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount."

(Internal citations omitted.)  (Emphasis in original.)

XII.

If a defendant can show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the "plaintiff can defeat diversity jurisdiction only by showing to a "legal certainty" that the amount in controversy does not exceed $75,000." <u>Grant</u>, 309 F. 3d at 869, quoting <u>De Aguilar</u>, 47 F. 3d at 1412; <u>see also</u> <u>Hood v. Gulf States Pipeline Corp.</u>, 2006 WL 548625, (W.D. La. 2006).

XIII.

The damages alleged by Plaintiff are damages claimed in relation to the property damage at issue and the resulting insurance claim, including extra-contractual damages claimed for statutory penalties and attorney's fees under La. R.S. §22:1892 and La. R.S. §22:1973. Although Defendants deny that ithey acted in bad faith or breached any duty owed to the Plaintiff, penalties and attorney's fees are properly considered when calculating the amount in controversy for an insurance claim. See <u>Clark v. State Farm Fire and Casualty Co.</u>, Civ No. 14-673, 2015 WL 1247011 (M.D. La. Mar. 18, 2015); <u>Albarado v. State Fire Mut. Auto. Ins. Co.</u>, No. CIV. A. 91-

2036, 1991 WL 165733, at *1 (E.D. La. Aug. 20, 1991); St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998).

XIV.

Defendants were served with the Petition for Damages in this matter on September 19, 2023, and therefore, this Notice of Removal is timely pursuant to 28 U. S. C. § 1446(b).

XV.

While Defendants admit no liability nor any element of damages, under the rules of DeAguilar and Grant, Defendants have met its burden of showing by a preponderance of evidence that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS.

XVI.

Concurrent with the filing of this Notice of Removal, written notice is being given to all adverse parties and a copy of this Notice of Removal is being filed with the Clerk of Court for the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana

WHEREFORE, Defendants Dover Bay Specialty Insurance Company and State Farm Fire and Casualty Co., hereby give notice that the proceeding bearing case number H-148173-B on the docket of the 17th Judicial District Court for the Parish of Lafourche, State of Louisiana, has been removed to the docket of this Court for trial and determination as provided by law. Removing Defendants pray that this Court enter such order and issue such process as may be proper to bring before it a copy of all records and proceedings in the State Court case, and there upon proceed with the civil action as if it had originally commenced in this Court.

                                                Respectfully submitted:

                                                **/s/Pamela V. Hansen**
                                                **PATRICK D. DeROUEN (#20535)(Lead)**

**CHAD J. PRIMEAUX (#30024)**
**PAMELA V. HANSEN (#20398)**
DeROUEN LAW FIRM
650 POYDRAS STREET, SUITE 1913
NEW ORLEANS, LOUISIANA 70130
TELEPHONE: 504-274-3660
FACSIMILE: 504-274-3664
Email: pderouen@derouenlaw.com
cprimeaux@derouenlaw.com
phansen@derouenlaw.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 9, 2023, a copy of the above and foregoing was served on all counsel of record by the electronic filing system/ECF.